### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**21ST MORTGAGE CORPORATION**                                            **PLAINTIFF**

**v.**                                                    **No. 1:25-cv-00106-MPM-DAS**

**KIMIKO LANE**                                                              **DEFENDANT**

## <u>MEMORANDUM OPINION</u>

This matter comes before the Court on Plaintiff 21st Mortgage Company's ("21st Mortgage") Motion to Remand to State Court [6]. Pro Se Defendant Kimiko Lane ("Ms. Lane") has not responded to the motion. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

### RELEVANT BACKGROUND

The property at issue is a manufactured home, located in Mississippi, that is secured to 21st Mortgage based on an allegedly defaulted loan agreement. Ms. Lane did not execute the agreement with 21st Mortgage but she is allegedly in possession of the property subject to 21st Mortgage's security interest and lien. To obtain possession of the property, 21st Mortgage, a Kentucky business, sued Ms. Lane, a Mississippi resident, in the Circuit Court of Clay County Mississippi for State law replevin to obtain possession of the property.

Ms. Lane subsequently filed a Petition for Removal of the Action to Federal Court [1] based on alleged violations of the 14th Amendment, the Fair Debt Collection Practices Act, Federal Rule of Civil Procedure 60, and the Residential Landlord Tenant Act of the Mississippi Code. Ms. Lane asserts the alleged violations of Federal Law entitle removal from State court to Federal court. 21st Mortgage's motion to remand alleges there is no subject matter jurisdiction for this Court to hear

the matter as its well-pleaded complaint never referred to federal law and the amount in controversy between the parties is at most $73,520.13.

## STANDARD OF REVIEW

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …, to the district court of the United States for the district and division embracing the place where such action is pending. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531 (5th Cir. 2006) (quoting 28 U.S.C. § 1441(a)). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The court has "an independent obligation to determine whether subject-matter jurisdiction exists . . .." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Subject matter jurisdiction must exist at the time of removal to federal court based on the complaint, and once established "subsequent events cannot serve to deprive the court of jurisdiction." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). Federal subject matter jurisdiction can primarily be met in two ways: Federal question jurisdiction or diversity of citizenship jurisdiction as outlined in 28 U.S.C. §§ 1331-1332.

## ANALYSIS

### I.  Federal Question Jurisdiction

For federal question jurisdiction, the Court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot–Hed, Inc.*,

477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Fifth Circuit outlined the standard to determine federal question jurisdiction to support removal in *Medina v. Ramsey Steel Co., Inc.* as follows:

> The plaintiff is the master of her complaint, and, as such, a determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint. When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove. Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.

238 F.3d 674, 680 (5th Cir. 2001) (internal citations omitted). Here, 21st Mortgage's complaint against Ms. Lane is based solely on a State law replevin cause of action. 21st Mortgage makes no mention of federal law claims at all. While Ms. Lane's removal petition cites the 14th Amendment and the Fair Debt Collection Practices Act, she has not shown that any part of 21st Mortgage's Complaint references any claim arising under the Constitution, laws, or treaties of the United States. As a result, the Court does not find any basis for federal question jurisdiction.

## II.     Diversity of Citizenship Jurisdiction

For diversity of citizenship jurisdiction, the Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)-(a)(1). Here, it is agreed that there is diversity of citizenship between the parties, as 21st Mortgage is a citizen of Kentucky, and Ms. Lane is a citizen of Mississippi. However, the amount in controversy between the parties does not exceed the $75,000 minimum requirement. The complaint alleges that the property at issue only has a value of $73,520.13. The amount in controversy between the parties is insufficient for diversity of citizenship jurisdiction.

3

Additionally, even if the amount in controversy between the parties was met, Ms. Lane can not remove the case to Federal Court based on diversity jurisdiction. "§ 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (quoting 28 U.S.C. 1141(b)(2)). Here, the complaint was filed against Ms. Lane in a Mississippi State Court. Ms. Lane can not remove the case since her sole basis of subject matter jurisdiction is diversity jurisdiction, as she is a citizen of Mississippi. This matter must be remanded back to a Mississippi State Court.

## CONCLUSION

**ACCORDINGLY**, 21st Mortgage's Motion to Remand to State Court [6] is **GRANTED**. This case is hereby remanded to the Circuit Court of Clay County, Mississippi.

**SO ORDERED** this 10th day of September, 2025.

       /s/Michael P. Mills               
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI